IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL THOMAS CAMACHO, JR. : | |
| a/k/a DANNY CAMACHO : | CIVIL ACTION |
| : | |
| v. : | NO. 10-5136 |
| : | |
| JEROME WALSH; THE DISTRICT ATTORNEY : | |
| OF THE COUNTY OF PHILADELPHIA; and THE : | |
| ATTORNEY GENERAL OF THE COMMONWEALTH : | |
| OF PENNSYLVANIA : | |

**NORMA L. SHAPIRO, J.**                                                                                   **DECEMBER 27, 2013**

### MEMORANDUM

On December 13, 2013, petitioner Danny Camacho ("Camacho"), an inmate at the Dallas State Correctional Institution in Dallas, Pennsylvania, timely filed a *pro se* Motion for Reconsideration (paper no. 35) of the court's December 3 Order (paper no. 34) denying petitioner's Motion to Reopen Habeas Corpus Proceedings And For An Order Granting Immediate Habeas Corpus Relief (paper no. 26). The Motion for Reconsideration will be denied because Camacho has failed to show an intervening change in the controlling law, the availability of new evidence, or that the court made a clear error of law.

I.      BACKGROUND

On September 21, 2006, Camacho entered an open guilty plea in the Court of Common Pleas for Philadelphia County on charges including attempted murder, robbery, and weapons offenses, pertaining to two unrelated matters. On December 14, 2006, Camacho entered a guilty plea in the same court on a third matter. On that date, he was given a consolidated sentence of 8.5 – 17 years imprisonment in all three matters. On April 21, 2008, Camacho filed a *pro se* petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541 *et seq*. On October 30, 2009, the petition was dismissed as untimely and, on July 26, 2010, the Pennsylvania Superior Court affirmed the dismissal.

On September 30, 2010, Camacho filed a petition for *habeas corpus* relief in this court. However, on February 24, 2011, Camacho filed a second PCRA petition in the state courts to

raise a new claim. On April 19, 2011, he also filed an amended *habeas corpus* petition in this court to raise the new claim. Camacho simultaneously moved for a stay and abeyance of his case in this court to permit him to exhaust the new claim in the PCRA court without potentially violating the federal statute of limitations for a *habeas* action. The Commonwealth did not contest his request. The court granted Camacho's motion and, on June 24, 2011, placed his case in administrative suspense pending the outcome of his second PCRA petition.[1]

On August 26, 2013, Camacho filed a Motion to Reopen Habeas Corpus Proceedings And For An Order Granting Immediate Habeas Corpus Relief because of the Commonwealth's alleged failure to act on his second PCRA petition. However, on September 9, the PCRA court issued a Notice Pursuant to Pennsylvania Rule of Criminal Procedure 907 advising Camacho that his second PCRA petition would be dismissed as untimely within twenty (20) days and that he could respond to the Notice. On September 18, Camacho filed his response in opposition.

On October 24, the Commonwealth filed its response to Camacho's motion to reopen *habeas* proceedings in this court and pointed out the PCRA court's issuance of the Rule 907 Notice. On October 29, Magistrate Judge Jacob P. Hart issued a Report and Recommendation that petitioner's motion be denied for failure to exhaust state remedies and, on December 3, the court adopted this Report and Recommendation. The court's December 3 Order stated clearly the reasons underlying the denial of petitioner's motion and listed the procedural steps Camacho must follow in state court before properly bringing a federal *habeas* action. On December 13, Camacho timely moved for reconsideration of the court's Order and the Commonwealth filed a response in opposition on December 17. The PCRA court has apparently not acted on Camacho's petition since he filed his response in opposition to the Rule 907 Notice.

II. DISCUSSION

Federal Rule of Civil Procedure 59(e) provides for a motion to reconsider or amend a judgment. The purpose of such a motion is "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Reconsideration is appropriate only if: (1) there has been an intervening change in controlling law; (2) there is new evidence not previously available; or (3) there is a need to

---

[1] On or about May 7, 2012, Camacho filed a supplemental PCRA petition.

correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made, and it addresses only factual and legal matters that the court may have overlooked. *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa 1993).

In his Motion for Reconsideration, Camacho notes that the PCRA court has yet to act on his petition following the Rule 907 Notice of September 9, 2013. The Rule 907 Notice advised Camacho that his second PCRA petition would be dismissed as untimely within twenty (20) days without further proceedings, but it allowed Camacho the opportunity to respond in that time. Camacho filed a response in opposition on September 18. Camacho now asks this court to "rule that an inordinate delay has occurred" and to reconsider its December 3 Order.

Plaintiff has not yet exhausted his state remedies. Exhaustion may be excused where a state remedy is ineffective to protect a petitioner's rights. 28 U.S.C. § 2254(b)(1)(B)(ii). Undue delay in the resolution of a state action has been said to render the state remedy ineffective, *see, e.g., Lee v. Stickman*, 357 F.3d 338 (3d Cir. 2004) (exhaustion of available state court remedies requirement was excused where petition under PCRA had been before Pennsylvania state courts for almost eight years with no resolution), but the PCRA court is now acting on Camacho's petition. That court's consideration of Camacho's response to the Rule 907 Notice before taking final action on his petition is no basis for excusing exhaustion under 28 U.S.C. § 2254. Petitioner offers no new evidence or change in controlling law since the court's December 3 Order and can point to no manifest injustice or clear error of law or fact. Petitioner's motion is only a request that the court rethink a decision already made.

III.   CONCLUSION

The Motion for Reconsideration will be denied. An appropriate Order follows.